IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 09-233 |
| | ) |
| 275.81 Acres of Land, More or Less, | ) |
| Situated in Stonycreek Township, | ) |
| Somerset County, Commonwealth of | ) |
| Pennsylvania, and Svonavec, Inc. | ) |
| | ) |
|     Defendant. | |

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT REGARDING QUESTIONS FROM THE COMMISSION

Trial by a three-person commission pursuant to Federal Rule of Civil Procedure 71.1(h) in the above-captioned case took place from October 7-11, 2013. Pursuant to Rule 71.1(h), and as set forth in my instructions at trial, the Commission is charged with determining "just compensation" for the condemned 275.81 acres of land, more or less, in Stonycreek Township, Somerset County, Pennsylvania, that the United States acquired in this case under its constitutional power of eminent domain. Before me are two questions, submitted in writing after trial by the Commission. I will address each of these questions in turn.

### QUESTION 1:

1. The expert report/appraisal submitted by Gregory Jones on behalf of the United States of America states that the property rights it appraised include "the fee simple surface rights, sub-surface oil and gas rights retained, and rights to eight acres of residual coal." The expert report/appraisal submitted by Randall Bell on behalf of Svonavec, Inc. states that the interest it appraised was the "fee simple estate of the surface rights only." The Instructions to the Commission advise that the parties stipulated that the value of the oil and gas interests owned by Svonavec, Inc. on the date of taking was $105,000. Should the Commission include in its final determination of the value of the subject property the $105,000 value the parties stipulated was the value of the oil and gas interests owned by Svonavec, Inc. on the date of taking, or should the Commission determine the value without considering oil and gas interests with that amount to be added by

1

the Court, if appropriate? Should the Commission also consider, and include if appropriate in its determination, a value for the 8 acres of coal rights owned by Svonavec, Inc. as of the date of the taking?

**RESPONSE:**

As set forth in my instructions to you at the commencement of trial, the interest taken by the United States in this condemnation action is 275.81 acres of land in fee simple, including oil and gas rights, and including eight acres of coal owned by Svonavec, Inc. located in Somerset County, Pennsylvania. As also instructed, and as you acknowledge in your question, the parties have stipulated that the fair market value of the oil and gas interest owned by Svonavec, Inc., as of the date of the taking, is $105,000. Pursuant to that stipulation, the parties were prohibited from introducing any other witness or evidence at trial regarding the fair market value of the oil and gas interest on the subject property.

As you previously were instructed, when arriving at a determination of just compensation as determined by the fair market value of the estate taken in this case, the entire estate must be valued as a whole. It is improper to add together the individual values of the various estates or component parts of the property. Any opinion that values anything less than the whole or values the whole by adding together the individual values of the various estates or component parts must be disregarded as improper. This concept is known as the "unit rule." Applying the unit rule, if the condemned land contains a mineral deposit, it is proper to consider this fact in determining the market value of the land as a whole, but it is not permissible to determine the market value of the land as a whole simply by adding the individual value of the mineral deposit to the value of the land as a unit.

Thus, when determining fair market value in this case, you must value the estate taken as a whole, including the surface rights, oil and gas interests, and the eight acres of coal owned by Svonavec, Inc. In so doing, you must keep in mind that fair market value must be determined based on the property's highest and best use. In determining the contributory value, if any, of the oil and gas interests to the fair market value of the property as a whole, you must

2

consider the fair market value of the oil and gas interests stipulated to by the parties. You may not consider any other discussions, conclusions, or opinions regarding the valuation of oil and gas on the subject property.

With respect to the eight acres of coal underlying the subject property, the parties have not stipulated as to the value of that coal. Therefore, you must determine the contributory value, if any, of the coal to the estate as a whole based on the evidence of record, in accordance with my instructions. In this regard, please note that Svonavec, Inc. takes the position that the mining of the coal is inconsistent with its proposed highest and best use of the property as a private memorial and, therefore, that the eight acres of coal owned by Svonavec, Inc. should not be valued by you if you find that the highest and best use of the property is a private memorial.

**QUESTION 2:**

2. The Commission understands that under the "scope of the project rule", it is not to consider or take into account the effect, positive or negative, on the value of the property that might be attributable to or resulting from the eminent domain taking of the subject property itself in September 2009, and the Instructions state that the highest and best use cannot be predicated on a demand created solely by the project for which the property is acquired by the Government. Without considering the effect of the eminent domain taking or the Government's project itself, is it proper for the Commission to consider information, reports and events that occurred or were generated by the Government prior to the authorization for the taking; this would include, for example, the legislation enacted by Congress in 2002, P.L. 107-226, the License Agreement between the landowner and the National Park Service, and the Final General Management Plan/Environmental Impact Statement prepared by the National Park Service? The Commission believes that it is proper to consider this information because it occurred prior to and independently from the eminent domain authorization, but is requesting clarification.

Under the "scope of the project rule," you may <u>not</u> consider information, reports, and events that occurred or were generated by the Government from the time the Government committed itself to the project as evidence of fair market value, even if the information, reports, and events predated the actual date of taking. The "scope of the project" rule states that if the lands were probably within the scope of the project from the time the Government was

3

committed to it, no enhancement or reduction in value attributable to the project is to be considered in awarding compensation.

It is my finding that the "project" in this case is the United States' development of the public Flight 93 National Memorial. The United States committed to this project, not on the date of the taking in 2009, but when Congress, in 2002, authorized a public memorial at the crash site with the enactment of the Flight 93 National Memorial Act, Pub. L. No. 107-226. The subject property plainly was within the scope of this project. Accordingly, to the extent the documents or other evidence referenced in your second question relate to the United States' use and creation of a public memorial on the property, you may not rely on that information to determine highest and best use and/or fair market value, because to do so would violate the scope of the project rule. You may, however, consider relevant information, if any, contained in such documents that is general to the market, such as generic information about the market area, existing infrastructure on the property, physical aspects of the subject property, the availability of artifacts, and other considerations that any private developer would consider in assessing the demand for and/or viability of a private memorial on the subject property. In no case should you base your determination of just compensation, including your highest and best use determination, on any alteration in market value attributable to the Government's development of the public Flight 93 National Memorial.

It is so ORDERED, this 25th day of November, 2013.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court